IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHN W. FORRESTER,

        Plaintiff,

  vs.                                      Civil Action 2:08-CV-179
                                              Judge Graham
                                              Magistrate Judge King

JOHN DOE, Chief Inspector,
*et al.*,

        Defendants.


<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

        Plaintiff, a state prisoner, brings this action under 42 U.S.C. §1983, alleging that he was denied his constitutional right of access to the courts when defendants, prison officials and two inmate clerks, denied plaintiff's request for photocopies of legal documents associated with another action filed by plaintiff in this Court, *John W. Forrester v. Jim Karnes, et al.*, C-2-08-29. ["*Karnes*"].[1]

        This matter is now before the Court on various motions, including the motions to dismiss filed on behalf of the prison officials, Doc. No. 23, and by defendant Jodziewicz, Doc. No. 20.

*Motion to Amend*, **Doc. No. 21.**

        Plaintiff's motion for leave to file an amended complaint to provide the full name of certain defendants, Doc. No. 21, is **GRANTED.** However, the Court will deem the motions to dismiss responsive to the

---

[1] *Karnes* addresses plaintiff's allegation that he was denied medical care and was subjected to hazardous conditions while he was detained at the Franklin County Corrections Center I. Service of process was attempted by certified mail issued by the United States Marshals Service, but process was returned with the notation that certified mail service was "refused." *Karnes*, C-2-08-29, Doc. No. 8.

complaint, as amended.

*Motion to Transfer,* Doc. No. 22.

Plaintiff asks that the action be transferred to the western division of this Court, Doc. No. 22, arguing that he "inadvertently filed" the action in the wrong division. *Id.* The claims asserted in this action arose at the London Correctional Institution ["LoCI"]; the defendants are LoCI officials and inmates, and the Chief Inspector of the Ohio Department of Rehabilitation and Correction ["ODRC"]. LoCI is located in Madison County, Ohio and the central office of the ODRC is located in Franklin County, Ohio. Both counties fall within the area served, for venue purposes, by this Court. S.D. Ohio Civ. R. 82.1(b). Venue is therefore properly laid in this division.

Plaintiff's motion for transfer of venue to the western division of this Court, Doc. No. 22, is therefore **DENIED.**

*Motion to Stay,* Doc. No. 28.

The motion to stay consideration of plaintiff's motion for leave to file an amended complaint and to change venue, Doc. No. 28, is **DENIED** as moot.

*Motion to Strike,* Doc. No. 24.

Plaintiff has moved to strike any *pro se* filings by the inmate defendants. Doc. No. 24. Plaintiff argues that these inmate defendants should be required to defend in this action only through the Ohio Attorney General.

The state defendants' motion to dismiss, Doc. No. 23, was filed by the Ohio Attorney General only on behalf of the defendant prison officials. There is no suggestion that either of the inmate defendants is represented by counsel.  Accordingly, *pro se* filings made by the inmate defendants are entirely proper.  Plaintiff's motion to strike those filings, Doc. No. 24, is **DENIED.**

*Motions to Dismiss,* **Doc. Nos. 20, 23.**

The defendant prison officials and defendant Jodziewicz have asked that the complaint be dismissed for failure to state a claim upon which relief can be granted.  Doc. Nos. 20, 23.

On a motion to dismiss under the provisions of F.R. Civ.P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).  Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Id.* at 1964-65 (alteration in original.)

Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes,* 416 U.S. at 236.

The Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made, or if, on the face of the complaint, there appears an insurmountable bar to relief. *See generally Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

In order to assert a viable claim under §1983 for denial of access to the courts, an inmate must allege that he has suffered actual injury. *Lewis v. Casey,* 518 U.S. 343, 349 (1996). Prejudice to an inmate's ability to pursue litigation relating to his sentence or conditions of confinement can constitute such actual injury, *Id.,* at 354, but the inmate must allege that the claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented because this capability of filing suit has not been provided." *Id.,* at 356. The inmate "might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm which he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to even file a complaint." *Id.,* at 351.

The records of this Court establish that plaintiff has suffered no prejudice in his pursuit of *Karnes* by reason of any alleged failure on the part of the defendants to provide photocopies. That case is progressing and, indeed, plaintiff does not articulate any prejudice to him in his prosecution of that case.

Plaintiff does suggest that he has been denied the opportunity to present certain documents relating to **this** litigation (*e.g.,* "kites,

Informal Complaint Resolutions, Notification of Grievances," etc.). However, those documents are simply not material to resolution of the claim asserted in this case. Plaintiff also argues that the mere fact that *Karnes* remains pending is not evidence that plaintiff has suffered no injury. "Injury occurs when one is denied the ability to effectively pursue and/or defend the pending litigation before the Court." *Plaintiff's Memorandum contra Motion to Dismiss,* Doc. No. 25, at p.5. However, as noted, plaintiff has not articulated how he has been effectively denied the ability to pursue *Karnes* or, indeed, any other litigation contemplated by *Lewis*.

Under these circumstances, the Court concludes that the complaint, even as amended, fails to state a claim upon which relief can be granted and the motions to dismiss, Doc. Nos. 20, 23, are meritorious.

***Defendant Jodziewicz' Motions to Assert a Counterclaim and for Sanctions, Doc. Nos. 29, 30.***

One of the inmate defendants seeks leave to assert a counterclaim to declare plaintiff a vexatious litigator under state law, O.R.C. §2323.52, Doc. No. 29; this defendant also asks that sanctions be imposed against plaintiff pursuant to O.R.C. §5120.11(C), Doc. No. 30. Because this Court concludes that plaintiff's federal claim should be dismissed, the Court also concludes that any claims arising solely under state law, such as those sought to be asserted by defendant Jodziewicz, are best left for resolution in the Ohio courts.

The motions for leave to assert a counterclaim and for sanctions, Doc. Nos. 29, 30, are therefore **DENIED.**

***Plaintiff's Motions for Interim Injunctive Relief,*** **Doc. Nos. 10, 32.**

Plaintiff has moved for a preliminary injunction enjoining defendants from implementing the policy at issue in this case, Doc. No. 10. Plaintiff also asks that the state defendants be prohibited from transferring plaintiff from LoCI. Doc. No. 32.

Interim injunctive relief is an extraordinary remedy that should be granted only where, *inter alia,* the movant has demonstrated a "strong" likelihood of success on the merits. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir. 1997)(*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n,* 64 F.3d 1026, 1030 (6th Cir. 1995)).

Because this Court concludes that the complaint fails to state a claim upon which relief can be granted, it follows that plaintiff's motions for interim injunctive relief, Doc. Nos. 10, 32, are without merit.

It is **RECOMMENDED** that this action be dismissed and that plaintiff's motions for interim injunctive relief be denied.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


July 17, 2008                                        *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                           United States Magistrate Judge